## Case No. 5,863.
### GUION v. M'CULLOUGH et al.
[Brunner, Col. Cas. 1;[1] 2 Mart. N. C. 78.]

Circuit Court, D. North Carolina. June, 1791.

#### WRIT IN ACTION OF DEBT—FORM.

A writ in debt "that they answer unto him of a plea of debt of one thousand dollars," *held* good on a demurrer to a plea in abatement that the writ did not run in the debet and detinet.

Action on a bond. The writ was filled up, "that they answer unto him of a plea of debt of one thousand dollars" (the penalty of the bond): plea in abatement because the writ did not run in the usual form, "in the debet and detinet": general demurrer.

Mr. Graham, for plaintiff.
Mr. Slade, for defendants.

IREDELL, Circuit Justice, and SITGREAVES, District Judge, notwithstanding the pointed authority produced by Slade, overruled the plea. They held the writ was deemed sufficient because it agreed with the ac etiam clauses inserted in actions of debt in the bill of Middlesex, according to the English practice. Page v. Farmer, 2 Murph. 288, 1 N. C. Repos. 278.

---

## Case No. 5,864.
### The GUISBOROUGH.
[8 Ben. 407.][2]

District Court, S. D. New York. April, 1876.

LIEN—ADVANCES—FOREIGN VESSEL—MORTGAGEES IN POSSESSION.

P., the owner of a British vessel, having agreed to sell her to American citizens, executed and delivered mortgages to them, it being part of the agreement that the title to her should remain in P. The mortgagees took possession of her and ran her, one of them becoming master, and obtained advances for her, in the port where they resided, from M., who had knowledge of the true relation of the mortgagees to the vessel: *Held*, that the vessel in the hands of the mortgagees was not a foreign vessel, and that M., had no lien upon her for his advances.

[Cited in The Rapid Transit, 11 Fed. 330.]

This was a libel by the firm of B. F. Metcalf & Co., of New York City, to recover the amount of advances made by them for the brig Guisborough, on the order of her master, Enos, in the port of New York, in the year 1873. The libellants alleged that the brig was a British vessel and that the advances were made on her credit. Joseph S. Enos and Edward F. Cullen appeared as claimants of the vessel and, by their answer, alleged that, at the time the advances were made, she was the property of the claimants, who were residents of New York and American citizens, and that the advances were not a lien on the brig, but were furnished on the

personal credit of the claimants. It appeared in evidence, that, in 1872, one Potter, a British subject, agreed to sell the vessel to the claimants and two others, also American citizens and residents of Brooklyn. In pursuance of this agreement they paid Potter the price, and he gave them mortgages on the vessel to more than her full value, and a power of attorney to control the vessel, it being a part of the agreement that the title to the brig, "as a British vessel, was to stand in Potter." The mortgagees then took possession of the vessel. Enos was appointed master of her, and they ran the vessel as they pleased. The other parties afterwards transferred their interest to the present claimants, and, while the vessel was running in this way, the libellants made the advances which they sought to recover.

R. D. Benedict and W. W. Goodrich, for libellants.

Beebe, Wilcox & Hobbs, for claimants.

BLATCHFORD, District Judge. Although the legal, registered title to the vessel was in a British owner, yet the mortgagees were the equitable and beneficial owners of the vessel and were mortgagees in possession, exercising ownership over the vessel and dealing with her as their own property. They paid to Potter the money which they paid to him, not as lenders of such money on mortgage, but as purchasers of the vessel. They paid him $4,800 as the purchase price of the vessel, while the amounts which purported to be secured by the five mortgages made a total sum of $9,000. They took the mortgages to protect their interests as purchasers. In their hands, as purchasers of her, she was not a foreign vessel. It is clear, from the evidence of Benjamin F. Metcalf, one of the libellants, that he was aware, from his first knowledge of the connection of the mortgagees with the vessel, that they had taken the control of her as owners and purchasers, and had taken the mortgages, not as evidences of money loaned, but to protect their interest as purchasers and their control as owners, and that their possession of the vessel was a possession of ownership, and not to secure money loaned. Under these circumstances, no lien on the vessel arose out of any of the transactions of the libellants with the mortgagees or with the master of the vessel, and the libel must be dismissed, with costs.